**Arnold SORENSON, Plaintiff and Appellant,**

v.

**Duane R. LIFFRIG, State Highway Commissioner, Defendant and Appellee.**

**Civ. No. 10702.**

Supreme Court of North Dakota.

Dec. 27, 1984.

Thomas K. Schoppert, New Town, for plaintiff and appellant.

Robert E. Lane, Asst. Atty. Gen., North Dakota Highway Department, Bismarck, for defendant and appellee.

ERICKSTAD, Chief Justice.

Arnold Sorenson appeals from a judgment of the District Court of McKenzie County affirming the determination of an administrative hearing officer to suspend Sorenson's license. We affirm.

On January 23, 1984, Sorenson was arrested and a breathalyzer test was administered. The breathalyzer test indicated a blood-alcohol concentration of 0.10 percent. Sorenson requested an administrative hearing, which was held on February 8, 1984. The breathalyzer test results, in the form of an operational check list and the breathalyzer subject cards, were admitted into evidence. The breathalyzer test operator who administered the test to Sorenson did not testify.

Sorenson alleges that it was error to admit the operational check list and test results into evidence without a foundation being laid by testimony of the operator who administered the test. We have recently rejected an identical argument in *Kobilansky v. Liffrig*, 358 N.W.2d 781 (N.D.1984).

In *Kobilansky, supra,* the defendant raised foundational and due process challenges to the admissibility of the operational check list and test results. We held that "the certified copies of the check list and test results were admissible without further foundation or the presence of the breathalyzer operator and that this did not violate Kobilansky's constitutional right to due process." *Id.* at 791.

Sorenson has raised identical issues in this case, and the only authority which he cites to support his position is the district court opinion which was reversed in *Kobilansky, supra.* Pursuant to our opinion in *Kobilansky, supra,* we conclude that admission of the operational check list and test results in this case was not error. Accordingly, the judgment is affirmed.

VANDE WALLE and PEDERSON, JJ., and WM. F. HODNY, District Judge, concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.

HODNY, District Judge, sitting in place of GIERKE, J., disqualified.